(40 Misc. Rep. 107.)

### NICHOLS et al. v. CLARK et al.

(Supreme Court, Trial Term, New York County. February, 1903.)

1. SALE OF STOCK—STATUTE OF FRAUDS.

Stockbrokers orally agreed to sell and deliver three days later a certain quantity of stock. There was no note or memorandum made, nor was there a payment of any part of the price, nor any delivery, actual or constructive. *Held*, that the contract was void under the statute of frauds.

Action by William E. Nichols & Co. against George C. Clark and others for damages. Complaint dismissed.

James R. Ely, for plaintiffs.
Shearman & Sterling (John A. Garver, of counsel), for defendants.

CLARKE, J. Action to recover damages for a breach of contract for the purchase and sale of 40 shares of stock of the Mercantile National Bank. Motion to dismiss the complaint upon the opening upon the ground that the alleged contract was void under the statute of frauds. Upon this motion the facts must be conceded to be true, as follows: Plaintiffs are stockbrokers, not members of any stock exchange. Defendants are stockbrokers, and members of the New York Stock Exchange. On the 22d of August, 1902, one of the employés of plaintiffs had a conversation over the telephone with an employé of the defendants, in which he asked what price defendants were putting on Mercantile National Bank stock. Defendants answered, "328." Plaintiffs replied: "All right; we will take forty shares at 328." Defendants said: "We will send that stock

¶ 1. See Frauds, Statute of, vol. 23, Cent. Dig. § 145.

in to you to-day." Plaintiffs replied: "Wait a minute; we do not want it cash; we would rather have it Monday regular." Defendants said: "All right, Nichols; we will carry this stock until Monday if you will pay the interest;" and plaintiffs replied: "All right, that is satisfactory to us." Subsequently plaintiff sent an employé with a comparison ticket to defendants to make a comparison with respect to said transaction, but defendants refused to compare, claiming there had been a mistake, and that they had never sold plaintiffs said stock. The particulars of said mistake are immaterial to this discussion. None of the stock was physically delivered. On the 25th of August, plaintiffs made a demand for 40 shares, and tendered $13,126.56 in payment therefor, being the purchase price for said shares at $328 a share, together with interest from the 22d day of August to the 25th thereof, inclusive, said last date being the Monday referred to in said conversation. Defendants refused to deliver the stock and to accept the money tendered. Plaintiffs having sold 40 shares of Mercantile Bank stock after the making of the contract to purchase from defendants, to make their contract good, subsequently, and on the 27th of August, purchased 40 shares at $360, the lowest price it could then be bought, and seek here to recover the difference, $1,273.44, as their damages. It stands conceded that no part of the purchase price was paid at the time of the making of the contract, that no note or memorandum in writing signed by the party to be charged was made, and that no part of the stock was physically delivered. Plaintiffs claim that the transaction was not within the statute, in that there was a constructive delivery. It is well settled in this state that transactions in shares of stock are within the statute of frauds. Hinchman v. Lincoln, 124 U. S. 38, 8 Sup. Ct. 369, 31 L. Ed. 337, and cases therein cited. Therefore, no note or memorandum in writing having been made, and no part of the purchase price having been paid, the inquiry is confined to whether the buyer "accepted and received" said shares—that is, did the defendants deliver the same to the buyer? The case cited in the Supreme Court of the United States was on appeal from the United States Circuit Court in this district, involved the interpretation of the New York statute, and cited and followed the New York cases. In that case there had been an actual manual delivery of the stock into the hands of a third person, to be delivered to the purchaser on payment of the purchase consideration. The following propositions were cited with approval:

"To satisfy the statute there must be a delivery by the vendor with an intention of vesting the right of possession in the vendee, and there must be an actual acceptance by the latter with the intent of taking possession as owner. It can only be satisfied by something done, subsequent to the sale, unequivocally indicating the mutual intent of the parties. Mere words are not sufficient. The acts of the parties must be of such a character as to unequivocally place the property within the power and under the exclusive dominion of the buyer. This is the doctrine of those cases that have carried the principle of constructive delivery the farthest. So long as the seller preserves his control over the goods so as to retain his lien, he prevents the vendee from accepting and receiving them as his own within the meaning of the statute. The test for determining whether there has been an actual receipt by the purchaser has been to inquire whether the vendor has lost his lien. Receipt implies delivery, and it is plain that so long as vendor has not delivered there can be no actual receipt by vendee."

In the case at bar there was no sale of any specific 40 shares. All that the defendants had to do was to be ready to deliver on the 25th any 40 shares of said bank·stock. Though they had 40 shares in their possession on the 22d, in the meanwhile they retained them, and might have sold or pledged those 40, provided they produced the same number on the delivery day. The price not having been paid, they retained, with the possession, their lien. They did no acts subsequent to the sale showing a change of ownership; quite the contrary. "Mere words are not enough," and there were no words, even. They refused to compare; they said they had not sold; they declared they would not deliver. What subsequent acts or words can be tortured into proof of change of possession, there being no actual change by fact or word, or entry, even? There was a contract for a future delivery on a day fixed of 40 shares of stock at $328 plus interest. That is a contract clearly within the statute, and as there was no ·payment, no note or memorandum, no delivery, and, therefore, no receipt and acceptance, said contract was void.

Complaint dismissed. Motion for a new trial denied; 30 days' stay, and 30 days to make a case.

Judgment accordingly.